# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0218, <u>Appeal of Elizabeth Arsenault</u>, the court on December 23, 2019, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). Because we conclude that the appeal is procedurally barred pursuant to RSA 541:4 (2007), we dismiss it.

The plaintiff, Elizabeth Arsenault, appeals a decision of the Public Employee Labor Relations Board (PELRB) affirming a hearing officer's decision denying her unfair labor practice complaint against the defendant, Chester School District, SAU #82, in which she alleged that the defendant denied her the right to grieve the termination of her employment. On February 6, 2019, following a hearing during which the plaintiff, the school principal, and the superintendent testified, the hearing officer concluded that the defendant did not prevent the plaintiff from grieving her termination and that, in fact, the plaintiff never properly initiated a grievance. On March 6, 2019, in a pleading captioned "Motion for Rehearing Pursuant to RSA 561:3 [sic] and RSA 273-A:14," the plaintiff requested the PELRB to reconsider its decision and grant a rehearing.

On March 22, 2019, the PELRB issued a two-page decision, explaining that it would evaluate the plaintiff's "motion for rehearing" as a motion for review of the hearing officer's decision. New Hampshire Administrative Rule, Pub 205.01 provides that "[a]ny party to a hearing . . . may file with the board a request for review of the decision of the hearing officer." <u>See</u> <u>also</u> RSA 273-A:6, VIII (2010) (allowing for PELRB review of hearing officer decision). The PELRB further noted that all findings of fact contained in the hearing officer's decision are presumed to be reasonable and lawful, <u>see</u> Pub 205.01(b), and that, because the plaintiff did not file a transcript of the hearing, the board would not consider requests for review based upon objections to the hearing officer's findings of fact, <u>see</u> <u>id</u>. (noting that "the board shall not consider requests for review based upon objections to hearing officer findings of fact unless such requests for review are supported by a complete transcript of the proceedings conducted by the hearing officer"). After review, the PELRB approved the hearing officer's decision and denied the plaintiff's motion.

On April 17, 2019, without filing a motion for rehearing of the PELRB's March 22 decision, the plaintiff filed a Rule 10 appeal in this court. The defendant moved to dismiss the appeal based upon the plaintiff's failure to

move for a rehearing before the PELRB.  See Sup. Ct. R. 10(1) ("To appeal to the supreme court from an administrative agency under RSA 541, the appealing party must have timely filed for a rehearing with the administrative agency.").  We denied the defendant's motion without prejudice to raising the issue in its brief.  In its brief, the defendant again argues that the plaintiff's appeal must be dismissed pursuant to Rule 10 and RSA 541:4.  The plaintiff responds that she should not be required to file "an additional motion for rehearing" simply because the board "chose to treat the motion as a request for review" of the hearing officer's decision.

RSA 273-A:14 (2010) provides that a person aggrieved by a final order of the PELRB "may obtain review of such order in the manner prescribed in RSA [chapter] 541."  RSA 541:4 precludes an appeal from an administrative agency decision to this court by a party who has not applied for a rehearing before the agency.  Appeal of SAU #16 Coop. Sch. Bd., 143 N.H. 97, 100 (1998).  "This requirement is grounded in the sound policy that administrative agencies have a chance to correct their own alleged mistakes before time is spent appealing from them."  Id. (quotation, brackets, and ellipsis omitted).  "[W]hen a party's motion for reconsideration of a hearing officer's decision is denied by the PELRB, the moving party must still apply for rehearing to satisfy the requirements of RSA 541:4 because a reconsideration motion relates to errors of the hearing officer while a rehearing motion relates to errors by the PELRB."  Id. at 101 (discussing former version of Pub. 205.01(a), which identified a "motion for review" as a "motion for reconsideration"); see also Pub 205.01(d) ("The request for review of the hearing officer's decision shall precede, but shall not replace, a motion for rehearing of the board's decision.").

Although in Appeal of SAU #16 Cooperative School Board we declined to dismiss the appeal under the circumstances of that case, we advised future parties that "when a record does not demonstrate that the appealing party has met the requirements of RSA 541:4 we will refuse the appeal or dismiss it on our own motion."  Id. at 101-02 (quotations and brackets omitted).  Because the record in this case does not demonstrate that the plaintiff met the requirements of RSA 541:4, we dismiss the appeal.  See id. at 101-02.

Dismissed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,**
**Clerk**

2